UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE | CASE NO. 04-12494 |
| MERREN PICOU | SECTION "B" |
| Debtor | CHAPTER 7 |

### REASONS FOR ORDER

This matter is before the court as a hearing on the debtor's motion to reopen the bankruptcy case and on the expedited motion for contempt, attorney fees, court costs, and to avoid lien, both seeking to reopen the bankruptcy case and avoid the judicial lien of First Consumers Financial, LLC ("FCF"). Not unexpectedly, FCF opposes the debtor's motions. For the reasons assigned, the court will deny the motion to reopen, for contempt and to avoid the FCF lien as premature, and permit FCF sixty days from entry of this order to file a complaint objecting to discharge.

The debtor filed a voluntary Chapter 7 petition on April 7, 2004. In his schedules, he lists eight unsecured creditors with eleven claims for a total of $23,652 in unsecured priority claims.[1] Although FCF is the largest unsecured creditor of the debtor, the debtor scheduled FCF using an incorrect name and address,[2] but with a

---

[1] Pl. 1, Schedule F.

[2] Schedule F lists FCF as: First Consumer National Bank, Post Office Box 2210, Portland, OR 97208-2210.

-1-

proper account number of the FCF account. The debtor's mailing matrix also uses the incorrect name and address of FCF found in the schedules. Inexplicably, schedule J names "First Consumers Finance" as a creditor with a monthly installment payment in the amount of $266.

On May 23, 2004, the trustee filed a report of no distribution stating that no assets existed in the case to administer. On July 20, 2004, an order of discharge was entered, and the bankruptcy case was closed on July 26, 2004.

Prior to the filing of the debtor's bankruptcy petition, on March 15, 2004, FCF initiated a suit in state court to collect its claim. No action occurred on the suit until after the bankruptcy case was closed. Counsel for the debtor stated that on July 29, 2004, he notified FCF of the bankruptcy filing, and that a discharge had been entered. Several months later, in October, 2004, FCF moved for a default judgment in the state court suit, which was granted by a judgment entered in December, 2004. Almost one year after the case was closed, on June 23, 2005, FCF instituted garnishment proceedings and the civil sheriff in June and July, 2005 collected a total of approximately $1,000 in connection with the garnishment.

The debtor responded by filing the instant motions seeking to avoid the judicial lien of FCF and for contempt. The debtor argues that the claim of FCF is a prepetition claim in a no-asset case and, therefore, the debt of FCF, even though incorrectly

scheduled, is automatically discharged.  FCF objects to the cancellation of its lien.  It argues that it had no notice or actual knowledge of the bankruptcy proceeding until after the case was closed, and thus no notice that its claim was discharged under 11 USC §§523(a)(3)(A) and (B) as a debt not listed or scheduled in time to file a request for a determination of non-dischargeability.

Section 523(a)(3) provides that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt –

. . . .

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit–
    (A) if such debt is not of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
    (B) if such debt is of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

The parties in the case have conceded that FCF lacked both notice and actual knowledge of the bankruptcy case until after the case was closed.  The Fifth Circuit, in *In re Stone*,[3] considered the legislative history of §523(a)(3), and concluded that the section must be "construed with an eye toward the equitable principles which underlie

---

[3] 10 F.3d 285 (5th Cir. 1994).

-3-

the bankruptcy law" and consistently with its earlier opinion in *Robinson v. Mann*.[4] Under *Robinson*, the court considers three factors in determining whether the debtor's failure to list a creditor will prevent the discharge of the unscheduled debt: 1) the reasons the debtor failed to list the creditor, 2) the amount of disruption which would likely occur, and 3) any prejudice suffered by the listed creditors and the unlisted creditor in question.[5]

1. *Reasons for the Failure to List FCF*.

A negligent or inadvertent failure to list or schedule a creditor will not prevent the discharge of a debt; however, a failure to schedule a debt due to intentional design, fraud or improper motive may result in the non-discharge of the debt.[6] The debtor bears the burden of demonstrating the absence of fraud or intentional design.[7] In this case, the debtor asserts that the failure to properly schedule was inadvertent and due to mistake. No evidence or argument was presented that the failure to properly schedule FCF was the result of intentional design, fraud or improper motive, and the court finds none.

---

[4] 339 F.2d 547 (5th Cir. 1964).

[5] *Robinson,* 339 F.2d at 550.

[6] *Stone*, 10 F.3d at 291.

[7] *In re Faden*, 96 F.3d 792, 796 (5th Cir. 1996), *citing In re Springer*, 127 B.R. 702, 708 (Bankr. M.D. Fla. 1991).

2. *Disruption to the Court*.

The parties have not suggested any way that this court would be disrupted by the reopening of the case or cancellation of the FCF lien, should the court find that the debt due FCF is dischargeable. Other than the increased burden of additional pleadings in this case, which the court finds to be a minimal burden, this factor is not implicated.

3. *Prejudice to Creditors*.

Prejudice to creditors is the most critical of the three *Robinson* factors.[8] In conjunction with this factor, the Fifth Circuit has stated that "only the inability to timely file a proof of claim and a dischargeability action are sufficient grounds under the Code to penalize the debtor."[9] This is a no asset case, and the inability to file a proof of claim does not constitute prejudice to any party because no distribution will be made in the case.

FCF argues that it is prejudiced because it was precluded from filing a dischargeability complaint. FCF has not elaborated what specific facts exist that would prevent the discharge of its claim, other than that the claim was not properly scheduled. FCF, however, has not had an opportunity to conduct any investigation of the underlying claim, and the inability to file a dischargeability complaint is

---

[8] *Stone*, 10 F.3d at 291.

[9] *Id., citing In re Haga*, 131 B.R. 320, 326 (Bankr. W.D. Tex. 1991).

specifically recognized as being sufficiently prejudicial to support the denial of discharge under §523(a)(3). For that reason, the court will grant FCF a sixty-day period, from the entry of this order, to file a complaint objecting to dischargeability of its claim. Absent such a filing, the debt will be discharged. An appropriate order will be entered.

    New Orleans, Louisiana, August 10, 2005.

                                          Jerry A. Brown
                                          U.S. Bankruptcy Judge